United States District Court
Southern District of Texas
**ENTERED**
November 10, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SAM DAVIS AND LYDIA DAVIS, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-CV-2663 |
| | § | |
| ANDREW SAUL, | § | |
| **Commissioner of Social Security** | § | |
| **Administration,** | § | |
| | § | |
| **Defendant.** | | |

<u>**MEMORANDUM OPINION**</u>

Pending before the Court[1] is Plaintiff Sam Davis's[2] ("Plaintiff") Motion for Summary Judgment (Dkt. No. 14) and Defendant Andrew Saul's ("Commissioner") Motion for Summary Judgment (Dkt. No. 19). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

## I.   BACKGROUND

On July 19, 2019, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title II and XVI of the Social Security Act.[3] On January 11, 2016, Plaintiff filed an application for

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 20.

[2] Plaintiff Sam Davis died July 1, 2017. Dkt. No. 10-9 at 78. Plaintiff's mother, Lydia Davis, is continuing this suit on his behalf.

[3] *See* Dkt. No. 1; Dkt. No. 10-6 at 2–14.

benefits claiming an inability to work since March 1, 2015, due to high blood pressure, low potassium, and loss of sensation in his right leg.[4] The SSA found Plaintiff was not disabled at the initial level of review in March 2016 and again, upon reconsideration, in November 2016.[5] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[6]

On May 10, 2018, the ALJ conducted a hearing.[7] The ALJ heard testimony from Plaintiff's mother, a vocational expert, Rosalind Lloyd, and a medical expert, Dr. Kweli Amusa. On July 10, 2018, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[8] The ALJ found, "[t]he claimant had not been under a disability, as defined in the Social Security Act, from March 1, 2015, through the date of his death on July 1, 2017. . . ."[9] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[10] On May 16, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[11]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[12]

## II.   LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review

---

[4] *See* Dkt. No. 10-7 at 6.
[5] *See* Dkt. No. 10-4 at 2–61.
[6] Dkt. No. 10-5 at 18.
[7] *See* Dkt. No. 10-3 at 30–58.
[8] *See id.* at 17–25.
[9] *Id.* at 25.
[10] Dkt. No. 10-5 at 60–61.
[11] *See* Dkt. No. 10-3 at 2–4.
[12] Dkt. No. 1.

of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Federal Rule of Civil Procedure 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.   DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the

first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2015, the alleged onset date.[13] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: osteoarthritis of both hips, degenerative disc disease of cervical spine, lumbar radiculopathy, status-post surgical decompression, obesity, hyperflexion of lower extremity, hypertension, hyperlipidemia, gastrointestinal reflux, femoral acetabular impingement, depressive disorder, marijuana abuse, and chronic kidney disease.[14] At step three, the ALJ found that Plaintiff's

---

[13] Dkt. No. 10-3 at 19.
[14] *Id.*

impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[15] The ALJ found Plaintiff had the RFC to perform the exertional demands of sedentary work as defined in the Commissioner's regulations.[16] At step four, the ALJ determined that Plaintiff could not perform any past relevant work.[17] At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as callout operator, charge account clerk, and document preparer—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[18]

Plaintiff moves to reverse or remand the ALJ's decision based on two issues.[19] First, Plaintiff argues that the ALJ erred in failing to find that Plaintiff's impairments do not meet or equal a listed impairment.[20] Second, Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence and results from legal error.[21] Conversely, Commissioner argues that the ALJ's decision should be upheld because the ALJ applied the correct legal standards at step three and substantial evidence supports the ALJ's RFC determination.[22]

### A.  The ALJ Did Not Err In Determining Plaintiff's Impairments Did Not Satisfy Listings 1.02 or 1.04.

Plaintiff argues that the ALJ erred in failing to find that Plaintiff's impairments do not meet or equal a listed impairment, specifically Listing 1.02 and Listing 1.04.[23] Commissioner contends

---

[15] *Id.* at 20.
[16] *Id.* at 22.
[17] *Id.* at 23.
[18] *Id.* at 24–25.
[19] Dkt. No. 14 at 5.
[20] *Id.*
[21] *Id.*
[22] Dkt. No. 19 at 4, 7.
[23] Dkt. No. 14 at 5–6.

that Plaintiff failed to demonstrate that any of his impairments met *all* of the specified medical criteria of a listing.[24] The Court agrees with Commissioner.

Plaintiff has the burden of establishing that his impairment meets or equals the criteria for presumptive disability described in the Listings. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* In order to qualify for benefits by showing that an unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, a plaintiff "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id.* at 531 (emphasis in original). Determining whether an applicant met or equaled a Listing is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2).

Plaintiff's first argument[25] is that the ALJ erred in finding that Plaintiff's impairments did not meet or equal the requirements of Listing 1.04, which describes disorders of the spine:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) [or two other sets of symptoms not relevant here].

---

[24] Dkt. No. 19 at 4.

[25] Plaintiff also argues that "the medical expert's testimony does not indicate that the expert actually considered whether a listed impairment was 'equaled,' even if one was not met." Dkt. No. 14 at 6. This argument is without merit. The ALJ specifically asked the medical expert, "does the claimant meet or equal any of the Commissioner's listings?" Dkt. No. 10-3 at 45. In response, the medical expert explained that she did not see support for listing 1.02 or 1.04. *Id.* Just as the ALJ explained, the Court understands the medical expert's testimony to be that Plaintiff did not meet or *equal* a listed impairment.

20 C.F.R. Pt. 404, Subpt. P. App. 1 § 1.04. Here, the medical expert testified that she did not see any documentation of neurological deficits for Listing 1.04.[26] Plaintiff argues that a neurological deficit was evidenced by his compromised spinal cord, numbness on his right side, pain during straight leg raising, and difficulty walking or bearing weight on his left side.[27]

The Court acknowledges that Plaintiff pointed to some evidence that his impairments might meet the Listing 1.04 requirements. However, Plaintiff fails to show how he meets each of the required criteria under the Listing. *See Selders v. Sullivan*, 914 F.2d 614, 620 (5th Cir. 1990) (noting that the claimant failed to make the required showing of impairment needed to satisfy all of the criteria of a Listing, thereby concluding that substantial evidence supported the ALJ's finding that the required impairments for any Listing were not present). Accordingly, he has not met his burden to demonstrate that his disability meets the criteria under the Listing.

Further, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's impairment failed to meet or equal the criteria in the Listing.[28] In his decision, the ALJ relied on the medical expert's testimony, who reviewed the same medical evidence Plaintiff cited in his argument and found that she did not see any documentation of neurological deficits.[29] The ALJ recounted Plaintiff's medical history including a February 2016 consultative exam that showed Plaintiff's neurological functions were intact other than decreased sensory in the right

---

[26] Dkt. No. 10-3 at 21.

[27] Dkt. No. 14 at 6–7.

[28] The ALJ is not required to articulate the detailed reasons that support his findings under step three. *See Bullock v. Astrue*, 277 F. App'x 325, 327–28 (5th Cir. 2007). "Thus, the sole question before this [C]ourt is whether substantial evidence supports the ALJ's finding" that Plaintiff did not meet or equal a Listing. *Id.* (citing *Selders*, 914 F.2d at 619–20 (determining whether substantial evidence supported the ALJ's finding, though Appellant argued that ALJ erred in failing to explain why Appellant did not meet step three requirements)).

[29] Dkt. No. 10-3 at 21.

leg.[30] The criteria in the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). In light of this evidence, the Court may not substitute its judgment for that of the ALJ. *See Zimmerman v. Astrue*, 288 F. App'x 931, 937 (5th Cir. 2008) (finding substantial evidence supported an ALJ's decision even though claimant provided evidence that his impairments met a Listing).

Plaintiff also argues that the ALJ erred in finding that Plaintiff's impairments did not meet or equal the requirements of Listing 1.02, which describes "[m]ajor dysfunction of a joint(s) (due to any cause)." 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 1.02. A major dysfunction is:

> Characterized by gross anatomical deformity (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).

*Id.* Subsection A of Listing 1.02 requires that such impairment(s) affect "one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00(B)(2)(b)." 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 1.02(A). The inability to ambulate effectively is explained as followed:

> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently

---

[30] *Id.* at 20.

about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. § 404, App'x 1, 1.00(b), 1.02. Therefore, to satisfy this listing, Plaintiff must establish: (1) bilateral cane or walker use, as opposed to single hand cane use; and (2) that the ambulation restriction lasted, or can be expected to last, twelve months. *Villarreal v. Comm'r of Soc. Sec. Admin.*, No. 17-CV-00288, 2018 WL 1833002, at *3 (W.D. Tex. Apr. 16, 2018); *Aguilar v. Astrue*, No. 13-CV-00017, 2014 WL 5500689, at *6-9 (S.D. Tex. Oct. 29, 2014) (bilateral cane or walker use required); *Zimmer v. Colvin*, No. 14-CV-347, 2016 WL 310277, at *13 (E.D. Tex. Jan. 26, 2016) (twelve month duration requirement for Listing 1.02). The use of a single cane does not qualify an individual for Listing 1.02. *See Bullock*, 277 F. App'x at 328 (finding a plaintiff that was able to walk with the help of a single cane did not satisfy Listing 1.02); *Villarreal*, 2018 WL 1833002, at *4. Here, the medical expert testified that it was not clear whether Plaintiff used a cane at all times.[31] Plaintiff argues that an assistive device does not have to be used at *all* times to satisfy Listing 1.02.[32] Plaintiff provides no case law to support this contention. Thus, the Court finds the argument to be without merit.

---

[31] *Id.* at 45.

[32] Dkt. No. 14 at 8 (emphasis added). Plaintiff also argues that the ALJ should not have discounted Plaintiff's mother's testimony as it was crucial towards the question of whether Plaintiff could ambulate effectively and, due to Plaintiff's death, it was equivalent to discounting Plaintiff's own testimony. It is within the ALJ's discretion to discount testimony that is not based on substantial evidence. *See Cain v. Barnhart*, 193 F. App'x 357, 362 (5th Cir. 2006); *Falco*, 27 F.3d at 163–64 (noting that, although the ALJ must explain his reasons for rejecting a claimant's complaints of pain, he need not "follow formalistic rules in his articulation"). Here, the ALJ explained that Plaintiff's mother's testimony added little information to the case. Further, the ALJ recognized that Plaintiff's mother would have benefitted financially from a disability determination. Thus, the ALJ articulated his reasoning and did not err by discounting her testimony.

In reviewing the medical records, the medical expert testified that she "did see reference to a cane intermittently in the record" but that she "did not always see that reference."[33] In his decision, the ALJ relied on the medical expert's testimony that she did not find "clear cut support for listing 1.02" because, while there was evidence that Plaintiff used a cane, it was not clear from the evidence that he used the cane at all times.[34] Given the testimony from Dr. Amusa, the Court cannot say that "no credible evidentiary choices or medical findings support the [ALJ's] decision" as to Listing 1.02. *See Boyd*, 239 F.3d at 704. Therefore, the Court concludes that the ALJ correctly determined that Plaintiff's impairments did not satisfy the criteria for Listings 1.02 or 1.04.

**B.  The ALJ Erred In Analyzing Plaintiff's RFC. However, Remand Is Not Warranted Because Plaintiff Failed To Show Prejudice.**

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to account for Plaintiff's hand impairment and his obesity. Plaintiff also argues that the ALJ made contradictory findings. Commissioner contends Plaintiff neither listed a hand impairment as a condition that limited his ability to work nor did he provide sufficient evidence of such a condition. Commissioner also contends that Plaintiff's obesity was considered by the ALJ. Finally, Commissioner adds that any error made by the ALJ was harmless. The Court agrees with Plaintiff that the ALJ erred, but concludes Plaintiff did not meet his burden of demonstrating prejudice resulting from this error.

> **1.  The ALJ erred because he made contradictory findings as to the length of time Plaintiff can stand and walk, but not as to the other impairments advanced by Plaintiff.**

---

[33] Dkt. No. 10-3 at 52.
[34] *Id.* at 45.

As to the hand impairment, Plaintiff did not list it as a condition that limited his ability to work.[35] *See, e.g.*, *Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004) (ALJ did not misapply the standard when it concluded the alleged depression was not an impairment because claimant did not contend this was an impairment at the administrative level). Further, Plaintiff does not provide sufficient evidence showing the alleged impairment affected his ability to work. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) ("isolated comments" about claimant's intellectual functioning, viewed within whole record, were insufficient to raise suspicion of mental retardation); *Shave v. Apfel*, 238 F.3d 592, 596 (5th Cir. 2001) (no evidence that an alleged impairment precluded employment). Because Plaintiff neither listed a hand impairment as a condition limiting his ability to work nor provided sufficient evidence of such a condition, the Court finds the ALJ did not err by not incorporating a hand-related limitation in Plaintiff's RFC.

As to Plaintiff's obesity, the ALJ specifically listed obesity as a severe impairment and considered it in his analysis.[36] Thus, Plaintiff's argument that the ALJ neither recognized the significance of Plaintiff's obesity nor indicated any consideration of his obesity is without merit.

Finally, as to the ALJ's contradictory findings, the ALJ found Plaintiff could stand and walk for two hours out of an eight-hour work day.[37] The ALJ also found Plaintiff could lift on a "frequent" basis.[38] This creates an inconsistency because, under Social Security Ruling 83-10, being able to frequently lift and carry requires walking or standing approximately six out of an eight-hour work day. The ALJ, therefore, erred.

### 2. Plaintiff failed to demonstrate the ALJ's error caused prejudice, and thus remand is not warranted.

---

[35] Dkt. No. 10-7 at 6.
[36] Dkt. No. 10-3 at 19–20.
[37] *Id.* at 22.
[38] *Id.*

"[P]rocedural perfection is not required unless it affects the substantial rights of a party." *Taylor*, 706 F.3d at 603 (citing *Mays v. Bowen*, 837 F.2d 1362, 1363–64 (5th Cir. 1988)). The Court may not reverse or remand due to an ALJ's failure without first determining whether the error was harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (applying harmless error standard in Social Security case)). Accordingly, to establish an error warranting remand, Plaintiff bears the burden of demonstrating that it is possible that a different result would occur absent the error. *See id.*; *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

Plaintiff cites to *Villarreal v. Colvin*, 221 F. Supp. 3d 835 (W.D. Tex. Nov. 22, 2016), for the proposition that the Court should remand.[39] In *Villarreal*, a district court remanded a case where the ALJ's opinion was inconsistent on whether the individual had the RFC to perform either sedentary or light work. *Id.* at 851–52. The resolution of that inconsistency could have changed the outcome of the case and, thus, the district court remanded the case to clarify the RFC. *Id.*

Here, the resolution of the ALJ's inconsistencies would not change the outcome of the case. Based on the vocational expert's testimony, the ALJ found Plaintiff had the ability to perform sedentary work, with limitations, and identified three jobs that Plaintiff had the ability to perform: (1) charge account clerk; (2) call-out operator; and (3) document preparer.[40] Commissioner argues Plaintiff has not shown a harmful error because, even if Plaintiff could not have lifted five pounds frequently, he would still be able to perform the jobs identified by the ALJ.[41] The Court agrees with Commissioner. The jobs identified by the ALJ only require the ability to frequently exert a negligible amount of force to lift, carry, push, pull, or otherwise move objects. *See* Dictionary of

---

[39] Dkt. No. 14 at 14.
[40] Dkt. No. 10-3 at 24.
[41] Dkt. No. 19 at 9.

Occupational Titles §§ 205.367-014, 1991 WL 671715 (charge account clerk); 237.367-014, 1991 WL 672186 (call-out operator); 249.587-018, 1991 WL 672349 (document preparer). A correction by the ALJ would not affect the three jobs identified by the vocational expert and, thus, a finding of "not disabled" is still appropriate.

Further, Plaintiff fails to point to evidence to show how resolving the inconsistency might have led to a different decision. Plaintiff essentially argues that he was prejudiced solely by the mere existence of the inconsistency. Thus, Plaintiff has not demonstrated prejudice as required for remand. *See, e.g.*, *Jones v. Astrue*, No. 3:11-CV-3416, 2013 WL 1293900, at *19 (N.D. Tex. Mar. 7, 2013), *report and recommendation adopted*, 2013 WL 1296503 (Mar. 29, 2013) (remanding when ALJ failed to conduct a function-by-function assessment and there was evidence plaintiff was limited in those functions); *Chavira v. Astrue*, No. 11-CV-262, 2012 WL 948743, at *23 (S.D. Tex. Feb. 29, 2012) (noting plaintiff failed to provide evidence of her inability to perform sedentary work when arguing the ALJ erred by not conducting a function-by-function analysis), *report and recommendation adopted*, 2012 WL 951505 (Mar. 19, 2012). Accordingly, the Court finds that the ALJ's error is harmless and a remand is not warranted.

## IV.    CONCLUSION

Therefore, the Court **GRANTS** Commissioner's Motion for Summary Judgment (Dkt. No. 19), **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 14), and affirms the ALJ's decision. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** in Houston, Texas on November 10, 2020.

Sam S. Sheldon
United States Magistrate Judge